nia Civil Code section 54.1, which guarantees "full and equal access" to modes of transportation for those with disabilities.[13] However:

> "Full and equal access," for purposes of this section in its application to transportation, means access that meets the standards of Titles II and III of the[ADA] and federal regulations adopted pursuant thereto, except that, if the laws of [California] prescribe higher standards, it shall mean access that meets those higher standards.

Cal. Civ.Code § 54.1(a)(3). If the district court did in fact rule on the section 54.1 claim, its decision is inconsistent with our decision today. We must, therefore, vacate the district court's ruling insofar as it states that BART is liable under § 54.1 due to its noncompliance with the ADA. The transit riders may, of course, argue on remand that a higher state standard affords them relief under the statute.

## V

Consideration of the transit riders' claims that are not based on the ADA shall be for the district court on remand. **AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.** Appellants are awarded costs.

Miriam **FLORES**, individually and as a parent of Miriam Flores, minor child; Rosa Rzeslawski, individually and as a parent of Mario Rzeslawski, minor child, Plaintiffs–Appellees,

and

Speaker of the Arizona House of Representatives and President of The Arizona Senate, Intervenor,

v.

**STATE OF ARIZONA**, Defendant–Appellee,

Thomas C. Horne, Superintendent of Public Instruction, Defendant–Appellant,

and

C. Diane Bishop, Superintendent of Public Instruction; Eugene Hughes; David Silva; Claudine Bates Arthur; John Hosner; Ken Bennett; Ray Kellis; Jim Allman; Morrison Warren, members of the State Board of Education, Defendants.

Miriam Flores, individually and as a parent of Miriam Flores, minor child; Rosa Rzeslawski, individually and as a parent of Mario Rzeslawski, minor child, Plaintiffs–Appellees,

Speaker of the Arizona House of Representatives and President of The Arizona Senate, Intervenor–Appellant,

v.

State of Arizona; C. Diane Bishop, Superintendent of Public Instruction; Eugene Hughes; David Silva; Claudine Bates Arthur; John Hosner; Ken

---

**13.** The district court did state that BART had violated section 54.1, but apparently predicated that statement on BART's violation of DOJ regulations which it later held to be inapplicable to BART. There was no mention of section 54.1 in the order granting the transit riders' cross-motion for summary judgment in 2007.

Bennett; Ray Kellis; Jim Allman; Morrison Warren, members of the State Board of Education; Thomas C. Horne, Superintendent of Public Instruction, Defendants.

Nos. 07–15603, 07–15605.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 2009.

Joy Ellen Herr-Cardillo, Tucson, AZ, Timothy M. Hogan, Esquire, Phoenix, AZ, for Plaintiffs-Appellees.

D. Aaron Brown, Attorney Advisor, David J. Cantelme, Esquire, Cantelme & Brown, PLC, Phoenix, AZ, for Intervenor.

Lynne Christensen Adams, Kimberly Anne Demarchi, David Dickson Garner, Esquire, Lewis & Roca, LLP, Susan M. Segal, Esquire, Arizona Attorney General's Office, Phoenix, AZ, Jose A. Cardenas, Esquire, Arizona State University Office of General Counsel, Tempe, AZ, for Defendant-Appellee.

Lynne Christensen Adams, Jose A. Cardenas, Esquire, Kimberly Anne Demarchi, David Dickson Garner, Esquire, Susan M. Segal, Esquire, for Defendants.

Eric J. Bistrow, Esquire, Burch & Cracchiolo, PA, Phoenix, AZ, for Defendant-Appellant.

Before: B. FLETCHER, MARSHA S. BERZON and JOHNNIE B. RAWLINSON, Circuit Judges.

**ORDER**

We remand this case to the District Court to comply with the Supreme Court's decision in *Horne v. Flores*, — U.S. —,

129 S.Ct. 2579, 2607, 174 L.Ed.2d 406 (2009).

**IT IS SO ORDERED.**

SIERRA FOREST LEGACY; Center for Biological Diversity; Natural Resources Defense Council, Inc.; Sierra Club; the Wilderness Society, Plaintiffs-Appellants,

v.

Mark REY, in his official capacity as Under Secretary for Natural Resources and Environment; Abigail Kimbell, in her official capacity as Chief of the United States Forest Service; Bernard Weingardt, in his official capacity as Regional Forester United States Forest Service Region 5; Alice Carlton, in her official capacity as Forest Supervisor, Plumas National Forest, Defendants-Appellees,

Tuolumne County Alliance for Resources & Environment; California Forest Counties Schools Coalition; Regional Council of Rural Counties; Western Council of Industrial Workers; Klamath Alliance for Resources & Environment; Coarsegold Resource Conservation District/Eastern Madera County Fire Safe Council; Tulare County Resource Conservation District; Sierra Resource Conservation District; Strawberry Property Owners' Association; Huntington Lake Association; Huntington Lake Big Creek Historical Conservancy; California Equestrian Trails & Lands Coalition; California Forestry Associa-